■ RICHARD ARTHUR, JR., an Infant, by RICHARD ARTHUR, SR., His Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF TICONDEROGA, Appellant, et al., Defendant.— Appeal from an order of the Supreme Court, Essex County, denying the appellant's motion to dismiss the complaint for lack of jurisdiction. This action is brought on behalf of Richard Arthur, Jr., an infant, by his guardian ad litem to recover for injuries which he allegedly sustained on October 17, 1952 while engaged in football practice. In August, 1953 an attorney was retained who petitioned to have a guardian ad litem appointed and this was done on September 1, 1953. On September 10 a notice of motion was served on the appellant stating that the respondent would move for an order authorizing him to serve a late notice of claim. The appellant did not appear and the motion was granted. The order granted

leave to serve the notice of claim "within ten (10) days after the service of a copy of this Order and notice of entry thereon". This order was not filed until May 28, 1957, three years and eight months after it was signed. On June 13, 1957 the notice of claim along with a summons and complaint were served on the appellant. A motion to dismiss the complaint for lack of jurisdiction was granted by Justice HERLIHY but without prejudice. The basis for the decision was the failure of plaintiff to comply with the procedural requirements of section 50-e of the General Municipal Law and section 3813 of the Education Law. The question of the entry of the order was considered and Justice HERLIHY resolved it in favor of the respondent, refusing to dismiss the complaint on the merits. No appeal was taken from this order. Thereafter on February 25, 1958 another summons and complaint were served and the appellant again moved to dismiss the complaint. The respondent was permitted to amend the complaint and the motion to dismiss was denied. The appellant contends that the respondent has not complied with section 50-e of the General Municipal Law so that the court has no jurisdiction over the action. The respondent maintains that the appellant is estopped from asserting the noncompliance with section 50-e. The application for leave to serve a late notice of claim was filed within the one-year limitation set down by subdivision 5 of section 50-e and it was therefore within the court's discretion to grant the application. The question here is whether the manner in which the order was drawn and the failure to file it for over three and one-half years, operate to defeat the claim under section 50-e. Subdivision 5 of that section provides that the court "may grant leave to serve the notice of claim within a reasonable time after the expiration of the time specified to in subdivision one." Certainly the filing of a notice of claim nearly five years after the accident was not contemplated under section 50-e. If the order granting leave to serve the late notice had been filed shortly after it was granted there could be no question of its reasonableness. Although the appellant did not appear in opposition to the granting of that relief, it appears that it knew that the motion had been granted. As pointed out by Justice HERLIHY, it could have moved to vacate the order, required the respondent to enter it or entered the order itself. However, it did nothing. After this motion was granted extensive settlement negotiations were entered into. A very strong case is made out that the appellant was largely responsible for the inactivity over this period. While this does not excuse the failure to enter the order and serve the notice it does indicate that the appellant was well aware of the claim against it and contributed to the passage of time, and it does not appear that it will be prejudiced by now permitting the infant respondent his day in court. (Cf. *Galerneau* v. *North Colonie Central School Dist.*, 7 A D 2d 693.) Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson and Reynolds, JJ.; Herlihy, J., taking no part.